IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ANTOINE VERDELL RACHELL, | § | |
|---|---|---|
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-14-1559 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Antoine Verdell Rachell, proceeding *pro se,* filed a section 2254 habeas petition challenging his guilty plea conviction and sentence for indecency with a child. Respondent filed a motion for summary judgment (Docket Entry No. 16), serving petitioner a copy at his address of record on November 10, 2014. Despite expiration of a reasonable period of time in excess of fifty days, petitioner has failed to file a response to the motion for summary judgment, and the motion is uncontested.

Based on consideration of the motion, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment and **DISMISSES** this case for the reasons that follow.

**I. PROCEDURAL BACKGROUND**

Petitioner pleaded guilty to indecency with a child and was sentenced to two years incarceration on January 18, 2013. No direct appeal was taken, and petitioner's application for state habeas relief was denied by the Texas Court of Criminal Appeals.

Petitioner raises the following habeas grounds in the instant petition:

(1) His guilty plea was involuntary.

(2) Trial counsel was ineffective in

    (a) providing erroneous advice, and

    (b) failing to file a motion to quash the indictment.

Respondent argues that these grounds are without merit and should be dismissed.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal

principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 131 S. Ct. at 786. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### III. INVOLUNTARY GUILTY PLEA

Petitioner contends that his guilty plea was involuntary because his trial counsel erroneously informed him that Fort Bend County, not Harris County, had jurisdiction to prosecute the case.

4

In responding to this claim on collateral review, trial counsel submitted an affidavit in which she testified as follows:

> I was appointed to represent [petitioner] in the 338th District Court on March 8, 2012 for Indecency with a Child by Contact. The underlying incident was reported to the police by [S.B.], [petitioner's] mother. [Petitioner] was residing with his mother and the victim – his daughter – at 7815 Saintes Circle[,] Houston, Harris County, Texas, when [S.B.] contacted the Missouri City Police Department to file charges against him. The residence is located in an area of Houston that is patrolled by both Missouri City and Houston Police Departments.
>
> Attached is a copy of the case management section of the Missouri City offense report which logged each step of this investigation. The initial call as made on 2/6/12. When the responding officer entered the information into the computer, it was erroneously reported that the house was located in Fort Bend County. All subsequent entries correctly indicated that the house is located in Harris County. This case was never presented to the Fort Bend District Attorney, nor was it ever indicted in Fort Bend County. Specifically, on page 2 of the attachment it states that a DA packet was prepared to present to [the] Harris County District Attorney's Office. The only indictment in this case was on 5/15/12 in Harris County.
>
> Throughout the investigation and my representation of [petitioner], he never denied the allegations against him. However, I discussed every aspect of this case with [him] including possible defenses, trial and general strategies, plea agreements and the effect this case would have on his parole. We never discussed venue in Fort Bend County because it wasn't an issue. All statements that were made by me, according to [petitioner], regarding Fort Bend investigations, dismissals, indictments are UNTRUE and have been manufactured by [petitioner] for the purpose of these proceedings.
>
> [Petitioner's] discussions about this case centered on sex offender registration requirements. He was willing to plead guilty if he didn't have to register as a sex offender. I explained that under the current charge that he would have a lifetime registration requirement. Additionally, he was aware that his mother did not want to bring his daughter to court and put her through the stress of testifying. It was his hope that his mother and daughter wouldn't appear in court once the case was actually set for trial. I spoke with [S.B.] throughout the case and informed [petitioner] that although she didn't want to appear in

5

court that she would comply with the court['s] subpoena. As the trial date approached, the DA offered to reduce the case to Indecency by Exposure which has a 10 year registration requirement and offer him the minimum sentence of 2 years TDC. This reduction, along with the realization that his mother and daughter would testify against him at trial, prompted [petitioner] to freely, knowingly, and voluntarily enter a plea of guilty on 1/16/13.

*Ex parte Rachell*, pp. 60–61 (emphasis in original).

In rejecting petitioner's claim of an involuntary guilty plea, the state trial court made the following relevant findings of fact on collateral review:

5. The Court finds the affidavit of [trial counsel] filed in this instant proceeding is credible and the facts asserted therein are true and correct.

6. [Trial counsel] retain[ed] her file in the primary case and reviewed the same to assist in the preparation of her affidavit.

7. [Trial counsel] has independent recollection of the primary case.

8. [Trial counsel] was appointed to represent the applicant in the primary case.

9. The underlying incident was reported to the police by [S.B.], the applicant's mother.

10. The applicant resided with his mother and his daughter, the complainant, at 7815 Saintes Circle, Houston, Harris County, Texas, on or about the time the underlying incident took place.

11. The residence is located in an area of Houston that is patrolled by both Missouri City Police Department and Houston Police Department.

12. [Trial counsel] attached pages of the case management section of the Missouri City Police Department offense report with her affidavit.

13. The incident report shows that the initial call was made on February 6, 2012. When the responding officer entered the information into the computer, it was erroneously reported that the house was located in Fort

Bend County. All subsequent entries correctly indicated that the house at 7815 Saintes Circle, Houston, Texas, is located in Harris County.

14. The underlying incident was never presented to the Fort Bend County District Attorney's Office, nor was it ever indicted in Fort Bend County, as it did not take place in Fort Bend County.

15. The officers involved in the case noted that a packet was prepared to present to the Harris County District Attorney's Office.

16. The only indictment in this case is a true-bill on May 15, 2012, by the 178th Grand Jury in Harris County.

17. Throughout the investigation and [trial counsel's] representation of the applicant, the applicant never denied the allegations against him.

18. [Trial counsel] discussed every aspect of the primary case with the applicant, including possible defenses, trial and general strategies, plea agreements, and the effects this case would have on the applicant's parole.

19. [Trial counsel] did not discuss venue in Fort Bend County with the applicant because it was not an issue.

20. The applicant's allegations that [trial counsel] made statements regarding investigations in Fort Bend County [and] dismissals of the Fort Bend County case and indictment are untrue.

21. The applicant fabricated the allegations against [trial counsel] for the purpose of this proceeding.

\* \* \* \*

33. The applicant elected to plead guilty freely, knowingly, and voluntarily on January 16, 2013.

*Id.*, pp. 69–72. The trial court further found and concluded as a matter of law that petitioner failed to meet his burden of proof to set aside the plea, and that trial counsel provided him

effective representation. *Id.*, pp. 73, 76. The Texas Court of Criminal Appeals expressly relied on these findings of fact and conclusions of law in denying habeas relief. *Id.*, at cover.

Petitioner provides only conclusory allegations that trial counsel mislead him as to jurisdiction in Harris County, which are insufficient to raise a genuine issue of material fact precluding summary judgment. "Mere conclusory statements do not raise a constitutional issue in a habeas case." *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) (citations omitted). The Fifth Circuit has long held that, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Moreover, the state trial court rejected petitioner's assertions and found that petitioner fabricated his allegations against trial counsel for purposes of seeking habeas relief. Petitioner fails to establish that his plea was involuntary due to alleged venue misinformation from trial counsel.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

### IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of counsel is

8

measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness

does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled. *Id.*

Petitioner complains that trial counsel was ineffective in the following two instances:

A.    Providing erroneous advice

Petitioner claims that trial counsel provided ineffective assistance of counsel because she misinformed him that venue of the case was in Fort Bend County, not Harris County.

The Court addressed this allegation in context of petitioner's challenge to the voluntariness of his guilty plea, above. For the same reasons this Court denied relief on his involuntary plea claim, it here denies relief on his claim for ineffective assistance of counsel.

The state court rejected petitioner's claim of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

B.    Failing to file a motion to quash the indictment

Petitioner argues that trial counsel should have filed a motion to quash the indictment based on lack of jurisdiction in Harris County, Texas. According to petitioner, the case should have been brought and prosecuted in Fort Bend County, Texas.

The state court record in this case clearly shows that the criminal offense occurred in Harris County, Texas, and that venue was proper in Harris County, Texas. Petitioner again offers only conclusory allegations, unsupported and unsupportable in the record, that the

offense occurred in Fort Bend County, Texas. His conclusory assertions are insufficient to establish ineffective assistance of counsel, and his claim is without merit.

The state court rejected petitioner's claim of ineffective assistance. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland* or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## V. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 16) is **GRANTED** and this lawsuit is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 6th day of January, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE